UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER WILLIAMS, JR.,

                Plaintiff,

     -against-

CITY OF NEW YORK, ET AL.,

                Defendants.

19-CV-10526 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in the Manhattan Detention Complex and acting *pro se*, filed a notice of removal to remove to this Court an action that he had originally filed in the Supreme Court of the State of New York, New York County. *See Williams v. City of New York*, Index No. 101616/2019. By order dated December 10, 2019, the Court granted Defendant's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the action is remanded to the Supreme Court of the State of New York, New York County.[1]

## STANDARD OF REVIEW

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all

---

[1] Plaintiff asks that his claims in this action be "combined" with his claims in another action pending in this Court, *Williams v. City of New York*, ECF 1:19-CV-8737, 2 (ER). If Plaintiff seeks to amend his complaint in *Williams*, ECF 1:19-CV-8737 (ER), he must file an amended complaint in that action, to the extent permitted under Rule 15 of the Federal Rules of Civil Procedure.

process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## DISCUSSION

Removal of this case is improper. Alexander Williams, Jr. was the plaintiff in the state court action, and only a defendant can remove an action to federal court. *See* 28 U.S.C. §§ 1441(a) and 1446(a); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105 (1941) (removal privilege limited to defendants only). "Quite simply, a party who is in the position of a plaintiff cannot remove." *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988); *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 210 (E.D.N.Y. 1998) (noting that "[e]very case to consider the question has held that defendants, and only defendants, may remove") (citation omitted).

Accordingly, the action is remanded to the Supreme Court of the State of New York, New York County. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").[2]

---

[2] In addition to his claims about his mail in *Williams*, ECF 1:19-CV-8737, 2 (ER),

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Defendant, and note service on the docket.

Because removal of this action is improper, the Court remands this action under 28 U.S.C. § 1447(c) to the Supreme Court of the State of New York, New York County. The Clerk of Court is directed to send a copy of this order to that court and to close the action under this docket number.

SO ORDERED.

Dated: December 13, 2019
         New York, New York

                                              COLLEEN McMAHON
                                          Chief United States District Judge

---

Plaintiff has also asserted claims about his mail in *Williams v. City of New York*, ECF 1:19-CV-03347, 9 (GBD)(JLC) (S.D.N.Y.). Plaintiff also filed an action in state court under Index Number 101368-2019, which Defendants removed to this Court, *Williams, Jr. v. City of New York Dep't of Corr.*, ECF 1:19-CV-09528, 1 (ER) (S.D.N.Y.) (complaint asserting claims arising from pepper spray incident).

3